CERTAIN & ZILBERG, PLLC
488 MADISON AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10022
TEL. 212.687.7800
FAX 212.687.7801

**Writer's Extension**:  x225
**Writer's Email**:  gcertain@certainlaw.com

October 27, 2020

**VIA ECF**
Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   RE: Ramaj v. ConAgra Foods et al.
      Case No.: 1:19-cv-00284-ENV-LB

Dear Magistrate Judge Lois Bloom:

I write as counsel to the Plaintiff, Ms. Bardhe Ramaj, in the above Products Liability action pending before Your Honor.  While, with the cooperation of counsel, the vast majority of fact discovery is complete, I write seeking an opportunity to obtain certain discrete and indisputably relevant material from Defendant Conagra and/or from a non-party, DS Containers, Inc. (DSC). DS Containers, Inc. was the manufacturer and tester of the 'U' vented canisters selected by Conagra to produce the subject product and continues to supply Conagra with canister products.

In review of over 28,000 pages of documents produced by Defendant Conagra, one particularly material document, the "DSC Finished Can Inspection" sheet, addressed during the COVID-19 delayed September 2020 depositions [September 23, 2020, Baker Deposition Exhibit #7, Bates: Ramaj_DSC000008], gives rise to the need for further production from Defendant Conagra and/or DSC.[1]

The "DSC Finished Can Inspection" sheet is a record produced during a production run of a batch/lot, consisting of thousands of units, of finished canisters of the subject pressurized cooking oil spray product, a small number (20 units) of which canisters are subjected to testing to determine

---

[1] Prior to, and immediately following, the 30(b)(6) depositions of Conagra's designees the parties discussed and acknowledged the mutual need to address a limited number of outstanding fact discovery items.

what pressures will cause the canisters to fail. If any of those sample canisters fail below a minimum threshold of 180 psi the test protocol calls for re-testing of additional samples (10 units) that could result in the costly decision to discard the batch in its entirety.  Upon initial glance, the test result entry for "Hour 7" appears to indicate that a buckle failure occurred at the minimum "180" psi threshold.  However, upon closer and careful inspection it appears that "Hour 7" may have been altered from an original failure result of "130" psi. See comparative test sheet entries below:

| Hour | |
|---|---|
| 7 | 180 |
| 9 | 180 |
| 10 | 180 |
| 3 | 180 |
| 4 | 180 |
| 5 | 185 |



Given the above suspect test result entry, on September 25, 2020, the day after the 30(b)(6) depositions of Conagra's designees, I wrote to counsel for Defendant Conagra seeking:

1) "[A]n opportunity to inspect the actual original QA Testing – Buckle / Burst (Buckle/Flow) Sheet(s)" and

2) [R]e-test sheets that relate to said tests" as well as the identity, address, and other contact information for the person or person(s) performing and/or completing forms that related to the tests of the batch that included the can related to the fire. (as well as certain test sheets concerning the related Bozick case pending in the SDNY under 19-cv-04045-LJL) [see attached Exhibit 1]

Conagra, in its October 2, 2020 letter response [see attached Exhibit 2] represented that the suspect test sheet [Baker Deposition Exhibit #7, Bates: Ramaj_DSC000008] is "a true and accurate copy of what it received" from non-party and further stated that "Conagra in not in possession of the 'original' of this document (which is presumably still with DSC, in Illinois), and therefore, cannot acquiesce to [Plaintiff's] request."

Importantly, Defendant Conagra has a continuing long standing, at least decade-long, relationship with DSC which has permitted Defendant Conagra to regularly obtain such test records from DSC in this and other legal proceedings.  Further, Conagra has an indemnification agreement with DSC under which DSC agrees to indemnify Conagra for liabilities that include the subject claim as well as approximately 50 similar cases that are currently pending nationally.  While Conagra may not be "in possession of the 'original'" it certainly has enough influence and/or control to procure the unquestionably relevant information sought by Plaintiff.

Notwithstanding the issue of control, in response to Conagra's stated position Ramaj served the attached subpoena calling for the limited information and document inspection directly from non-party DSC [see attached Exhibit 3].  Said subpoena was served on DSC at its Batavia, Illinois corporate headquarters on   October 16, 2020 and was returnable today, October 27, 2020, with the intent of including said information in Plaintiff's expert reports, due November 2, 2020.  Defendant Conagra, in a letter dated October 26, 2020, objects to said subpoena claiming that fact discovery is closed, without disputing the relevance of the materials sought from DSC. [see attached Exhibit 4]

For the reasons states above Plaintiff respectfully seeks an order directing Defendant Conagra to use its access and control to obtain and produce for inspection the original QA Testing – Buckle / Burst (Buckle/Flow) Sheet(s) and any Re-test sheets concerning the production batch/lot that

included the cooking oil aerosol spray product involved in Plaintiff Ramaj's injury as well as the identity, address, and other contact information for the person or person(s) performing and/or completing forms or in the alternative for an order denying Defendant Conagra's objections to the subpoena served upon non-party DSC and further permitting plaintiff an opportunity to supplements its expert reports and/or add an expert after having a reasonable opportunity the examine and evaluate said materials.

                                                    Respectfully submitted,

                                                    Gary Certain, Esq. [GC-7509]

Enclosures

CC:

EMILY A. AMBROSE, ESQ. (*admitted pro hac vice*)
Blackwell Burke P.A.
*Counsel to Defendants ConAgra Foods, Inc.*
*and Conagra Brands, Inc.*
431 South Seventh Street, Suite 2500
Minneapolis MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
eambrose@blackwellburke.com

TIMOTHY J. MCHUGH, ESQ.
FRANCIS F. QUINN, ESQ.
Lavin, Cedrone, Graver, Boyd & DiSipio
*Counsel to Defendants ConAgra Foods, Inc.*
*and Conagra Brands, Inc.*
420 Lexington Avenue, Suite 335
New York, New York 10170
Phone: (212) 319-6898
Fax: (212) 319-6932
tmchugh@lavin-law.com
fquinn@lavin-law.com