UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BARDHE RAMAJ,

Plaintiff,

-against-

CONAGRA FOODS, INC., et. al.,

Defendant.

MEMORANDUM & ORDER

Civil Action No. 19-CV-284 (ENV) (SDE)

VITALIANO, D.J.

On August 15, 2024, the Court granted in part and denied in part defendants Conagra Foods, Inc. and Conagra Brands, Inc.'s (collectively, "Conagra") motion for summary judgment. On September 10, 2024, Conagra sought partial reconsideration of that decision, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. For the reasons set forth below, defendants' motion is denied.

## Background[1][2]

Plaintiff Bardhe Ramaj commenced this diversity action against Conagra for defectively designing and manufacturing PAM Original, a cooking spray product that allegedly injured Ramaj after she used it in accordance with its instructions. *See* Order, Dkt 155, at 1. Ramaj

[1] Citations to pages of the parties' briefing generally refer to the Electronic Case Filing System ("ECF") pagination.

[2] The Court presumes the parties' familiarity with the facts, procedural history, and prior determinations of the Court. They will not be needlessly repeated here.

additionally brought failure to warn, New York General Business Law ("NY GBL") § 349, breach of implied warranty, and assorted negligence claims. *Id.* Conagra then moved for summary judgment on all of Ramaj's claims. *Id.* In its Memorandum and Order on August 15, 2024 ("Order"), the Court granted summary judgment on Ramaj's claims for design defect, specific manufacturing defect, failure to warn, and claims brought under NY GBL § 349, but denied with respect to plaintiff's unspecified manufacturing defect claim and her related negligence and breach of implied warranty claims. *See id. at* 2.

Critical to the Court's finding that a material fact was in genuine dispute was the testimony of Ramaj concerning her use of defendants' cooking spray (the "Subject Can") and use of it at the time of the subject incident. *See id.* at 16. Conagra challenges the admissibility and adequacy of plaintiff's testimony that she did not expose the Subject Can to heat at the time of the incident. *See generally* Mot., Dkt. 156; *see generally* Def.'s Reply to Opp., Dkt. 159. Conagra contends that Ramaj's testimony is bereft of any personal knowledge of the actual happening of the explosion and that rather than putting a material fact in genuine dispute, her testimony is nothing more than a springboard to jury speculation. *Id.* Aside from this repackaging, Conagra's argument is essentially unchanged from its initial unveiling at the summary judgment stage.

## Legal Standard

Both Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 govern motions to reconsider a non-final judgment. *Carabello v. Surriga*, No. 21-CV-285, 2024 WL 2701644, at *1 (E.D.N.Y. May 24, 2024). Reconsideration of a previous order is an "extraordinary" remedy; the availability of this remedy is within the sound discretion of the district court. *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *Stevens v. Miller*, 676 F.3d 62,

67 (2d Cir. 2012). Reconsideration should be permitted sparingly, in the interests of finality and the conservation of scarce judicial resources, especially with regard to repetitive arguments that amount to "second bite[s] at the apple." *In re New York Cmty. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159–60 (E.D.N.Y. 2007).

As such, motions for reconsideration will generally be denied unless the moving party can point to controlling decisions of law or facts that were overlooked in the original ruling and might reasonably have been expected to alter the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration therefore must identify (1) "an intervening change of controlling law"; (2) "the availability of new evidence"; or (3) "the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal quotation marks omitted); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 108 (2d Cir. 2013).

<u>Discussion</u>

Much of defendants' motion for reconsideration can be quickly dispatched. Notwithstanding whether or not the motion papers cite to cases not discussed by the Court in its original order, Conagra presents no case that even hints that there has been a relevant change in controlling law since the time of the August 15, 2024 Order. *See Pearlstein v. Blackberry Ltd.,* 2019 WL 6977157, at *2-3 (S.D.N.Y. Dec. 19, 2019), *aff'd sub nom. Cho v. Blackberry Ltd.,* 991 F.3d 155 (2d Cir. 2021). Similarly, reconsideration does not rest on the proffer of new evidence. *Id.* at *2. "New" evidence is evidence that is truly newly discovered or that its discovery was beyond the exercise of due diligence. *See Space Hunters, Inc. v. U.S.*, 500 Fed. App'x 76, 81 (2d Cir. 2012). Advancing arguments that the movant could have made but neglected to make at the

time the Court originally addressed the evidence does not satisfy the "new evidence" requirement in motions for reconsideration. *See Pearlstein*, 2019 WL 6977157, at *3.

With all other roads closed, the only route to reconsideration for Conagra is through the narrow gate of clear error and manifest injustice. *See Cho*, 991 F.3d 155 at 170. While motions for reconsideration are not vehicles to "repeat already-defeated arguments," the Court may still "reconsider a hastily-made earlier ruling, if, upon revisiting the non-prevailing party's arguments, the court concludes that it erred." *See 4 Pillar Dynasty LLC v. New York & Company, Inc.*, 933 F.3d 202, 217 (2d Cir. 2019). However, a movant "does not satisfy the clear error standard if they merely disagree with the court's explanation of legal standards and application of facts." *Caraballo v. Surriga*, 2024 WL 2701644, at *1 (E.D.N.Y. May 24, 2024); *see Merced Irrigation District v. Barclays Bank PLC*, 178 F.Supp.3d 181, 184 (S.D.N.Y. 2016). But, the merely possible is not enough. Consequently, "[w]here there are two permissible views of evidence, the factfinder's choice between them cannot be clearly erroneous." *See 4 Pillar*, 933 F.3d 202 at 211 (citing *In re Lehman Brothers Holdings Inc.*, 855 F.3d 459, 469 (2d Cir. 2017)).

Conagra's search for clear error and manifest injustice, as previewed earlier, spotlights the admissibility of Ramaj's testimony proffered on this issue. *See* Mot., Dkt. 156, at 6; *see generally* Def.'s Reply to Opp., Dkt. 159. The checklist for the Court's review of this claim is grounded in the fundamental understanding that only evidence admissible at trial may be considered on summary judgment. *See* Order, Dkt 155, at 5; *see Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 164 F.3d 736, 746 (2d Cir. 1998); *see Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997); *see* Fed. R. Civ. P. 56(c). Assertions of fact made in connection with a motion for summary judgment must be supported by citations "to particular parts of materials in the record" that could be presented as admissible in evidence, which may include deposition

testimony. Fed. R. Civ. P. 56(c)(1)(A); *see also Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012). Significantly, "[b]efore summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). Still, whether at trial or when considering a motion for summary judgment, district courts must take care in assessing if an alleged chink in the opposition's armor goes to the admissibility of the subject evidence or only to its weight. *See United States v. Schultz*, 333 F.3d 393, 316 (2d. Cir. 2003) (citation omitted).

Conagra's Rule 59 challenge to the Court's consideration of Ramaj's sworn account of the accident's happening stumbles at the start for it easily satisfies the personal knowledge requirement under Federal Rule of Evidence 602. *See* Fed. R. Evid 602; *see S.E.C. v. Singer*, 786 F.Supp. 1158, 1167 (S.D.N.Y. 1992). A simple chronicle of Ramaj's account makes that plain: she testified that she used the Subject Can to spray a pan while preparing dinner. *See* Pl.'s Depo. Transcript, Dkt. No. 97-13, at 12-13. After spraying the pan, Plaintiff placed the Subject Can on a countertop between the refrigerator and the stovetop. *Id.* at 13-14 (marking the specific countertop location where she placed the Subject Can with an "x" on a photograph of her kitchen). Plaintiff testified that she did not remember moving the Subject Can again. *Id.* While plaintiff did not testify with absolute certainty that the Subject Can remained on the counter, the rules of evidence do not require her to. *See* Fed. R. Evid 602; *S.E.C. v. Singer*, 786 F.Supp. 1158 at 1167. Therefore, the Court did not err in considering plaintiff's testimony when partially denying defendants' summary judgment motion. *See* Order, Dkt. 155, at 5, 16-17.

Moreover, plaintiff's account of her conduct immediately before the spray can exploded is more than adequate, as the Court found in the Order defendants now challenge, to create a

genuine dispute about not only a material but a central fact. Indeed, it is well established at the summary judgement stage that a plaintiff's own non-expert testimony is sufficient to raise a triable factual issue, even if the jury does not ultimately credit such testimony. Order, Dkt. 155, at 16; *See Bellamy v. City of New York*, 914 F.3d 727, 746 (2d Cir. 2019) ("[A] . . . plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact."). That is certainly the case here, and Conagra offers nothing new in law or fact to suggest otherwise.

The argument providing the thrust to Conagra's reconsideration motion is hardly an unusual one; nor is its failure. Courts have consistently held that "a defendant 'cannot establish its entitlement to summary judgment… by noting alleged gaps in plaintiff['s] proof.'" *Stepton-Howard v. Rite Aid Corporation*, No. 16-cv-1352 (SJF)(AYS), 2017 WL 3017191, at *4 (E.D.N.Y. June 13, 2017) (citation omitted); *see Zsa Zsa Jewels* 419 F.Supp.3d 490, 520-521 (E.D.N.Y 2019) (rejecting defendant's attempts to refute plaintiff's account of an incident with expert witness testimony that plaintiff may have been mistaken); *See State Farm & Casualty Company v. Pentair Flow Technologies*, No. 21-cv-6679 (NSR), 2024 WL 1257091, at *6 (S.D.N.Y. March 25, 2024) (rejecting defendant's attempts to refute plaintiff's testimony "regarding events preceding" an appliance fire). Of course, a plaintiff's account of events may be substantially inconsistent with other available evidence. *Zsa Zsa* Jewels, 419 F.Supp.3d 490 at 520-521. But "a court has no authority to usurp the role of the jury in determining whether the plaintiff's account should be credited." *Id.*

A jury could reasonably believe plaintiff's account that she did not expose the Subject Can to heat. *See id.* Ramaj's sworn chronicle of events straightforwardly and plausibly demonstrates that she placed the Subject Can on the counter, away from heat, and that she did not remember moving it again. *See* Pl.'s Depo. Transcript, Dkr. No. 97-13, at 12-13. Plaintiff

also testified that she (1) never saw anyone else use the Subject Can; (2) did not use the Subject Can for any food preparation besides initially spraying the pan; and (3) was away from the kitchen for the majority of the time between using the Subject Can and the fire igniting. *Id.* at 9, 12-13. Considered alone, a reasonable jury could conclude that plaintiff placed the Subject Can on the counter without moving it prior to the incident. *See Bozick v. Conagra Foods, Inc.*, 19-cv-4045 (LJL), 2022 WL 4561779, at *34, (S.D.N.Y. Sep 28, 2022) (holding that plaintiff's testimony that she placed a can of cooking spray on the counter was "competent evidence" to rebut defendant's alternative theory that she exposed it to heat).[3]

Whether plaintiff was mistaken when she testified that she left the Subject Can on the counter, or whether she failed to recall that she actually moved the Subject Can after all, are questions for the jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). At trial, Conagra is free to offer its alternative explanation for the explosion of the can. *See Zsa Zsa Jewels*, 419 F.Supp.3d 490 at 521. More importantly, defendants are then free to cross-examine plaintiff in the accuracy of her claims. *See id.* But this Court did not err in holding that a jury could reasonably believe plaintiff's account of the incident, which is all that is required at the summary judgment stage. *See id.* at 520-521. In any

[3] Defendants cite the narrow exception in *Jeffreys v. City of New York*, a case already referenced in the Court's previous Order, to support its challenge that plaintiff's incredible testimony cannot support a finding that a material fact is in genuine dispute. *See* Mot., Dkt. 156, at 6; *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("[I]n the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be *impossible* for a district court to determine whether 'the jury could reasonably find for the plaintiff'") (citation omitted) (emphasis added). In *Jeffreys*, plaintiff's testimony directly contradicted (1) his own prior testimony; (2) the testimony of others present during the incident; and (3) the physical injuries he sustained. *Id.* at 551-552. Such extraordinary and "problematic" circumstances are not present here. *See Frost v. New York City Police Department*, 980 F.3d 231, 246 (2d Cir. 2020) (declining to extend *Jeffreys*).

event, Conagra has made no showing that defendants are entitled to reconsideration and the extraordinary and rare relief authorized by Rule 59(e).

## Conclusion

In line with the foregoing, defendants' motion for reconsideration is denied and the Court's August 14, 2024 Order remains in full force and effect. The parties are referred to Magistrate Judge Seth D. Eichenholtz for the continued pre-trial management of this case.

So ordered.

Dated: Brooklyn, New York

October 28, 2026

/ s / Eric N. Vitaliano

ERIC N. VITALIANO

United States District Judge